# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JONATAN PEREZ, <br><br> Defendant. | Case No. 18CR4145-H <br><br> ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER TITLE 18 U.S.C. § 3582(c)(1)(A) <br><br> (Doc. No. 75.) |

Pending before the Court is Defendant Jonatan Perez's ("Defendant") *pro se* motion for compassionate release under Title 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 75.) The Defendant's seeks to reduce his imprisonment term due to the current COVID-19 pandemic or alternatively seeks to convert his incarceration to home confinement. (Id.) The Government has filed a response in opposition to the Defendant's motion. (Doc. No. 80.) For the reasons set forth below, the Court denies the Defendant's motion.

## Background

On January 8, 2019, the Defendant, with his consent, tendered a guilty plea before the Magistrate Judge for importation of methamphetamine in violation of Title 21

U.S.C. §§ 952 and 960 as charged in Count 1 of the Information and importation of heroin in violation of Title 21 U.S.C. §§ 952 and 960 as charged in Count 2 of the Information. (Doc. Nos. 34 and 36.) The Defendant executed a written plea agreement (Doc. No. 37) and the Magistrate Judge issued his Findings and Recommendation recommending that this Court accept the Defendant's guilty plea (Doc. No. 35). On January 24, 2019, this Court adopted the Findings and Recommendation of the Magistrate Judge and accepted the Defendant's guilty plea. (Doc. No. 38.) On December 16, 2019, the Court sentenced the Defendant to a custodial term of 100 months followed by three years of supervised release, on each count to run concurrently. (Doc. Nos. 67 and 68.) On June 30, 2020, the Defendant filed a motion for compassionate release under § 3582(c)(1)(A). (Doc. No. 75.) The Court ordered the Defendant's motion be filed *nunc pro tunc* to June 25, 2020, the date the Clerk's Office received the Defendant's motion. (Doc. No. 74.) On April 23, 2020, the Government filed its response in opposition to the Defendant's motion. (Doc. No. 80.)

## Discussion

A district court is generally prohibited from modifying a sentence once it has been imposed, unless expressly permitted by law. United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003); United States v. Handa, 122 F.3d 690, 691 (9th Cir. 1997), as amended on reh'g (Aug. 4, 1997), cert. denied, 522 U.S. 1083, 118 S.Ct. 869, 139 L.Ed.2d 766 (1998) ("A district court does not have inherent power to resentence defendants at any time. Its authority to do so must flow either from the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35.") (citations omitted); United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders.") (citations omitted.)

One exception to the district court's prohibition from modifying a sentence is the compassionate release provision of Title 18 U.S.C. § 3582(c)(1)(A). That provision provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
> > (1) in any case--
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> > > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> > > > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

For a court to have jurisdiction to hear a defendant's motion for compassionate release, a defendant must first meet the exhaustion criteria set forth in § 3582(c)(1)(A). Gallo Cattle Co. v. U.S. Dep't of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998) ("[S]tatutorily-provided exhaustion requirements deprive the court of jurisdiction and,

---

[1] A prior version of § 3582(c)(1)(A) permitted a court to reduce a defendant's term of imprisonment only upon the motion of the Director of the Bureau of Prisons. The First Step Act of 2018, Pub. L. No. 115-391, § 603, modified § 3582(c)(1)(A) to allow a defendant to make a motion to the Court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See Mohrbacher v. Ponce, No. CV 18-00513-DMG (GJS), 2019 WL 161727 (C.D. Cal. Jan. 10, 2019) (Gee, J.) (Discussing modifications made to § 3582(c)(1)(A) by the First Step Act; see also United States v. Curry, No. CR 6:06-082-DCR, 2019 WL 508067 (E.D. Ky. Feb. 8, 2019) (Reeves, J.) (same.)

thus, preclude any exercise of discretion by the court."); United States v. Reid, 2020 WL 1904598, at *4 (N.D. Cal. April 18, 2020) (Breyer, J.) ("Exhaustion is therefore required by [§ 3582(c)(1)(A)]. The Court cannot forgive the failure to exhaust, and without exhaustion, the Court lacks jurisdiction over the motion."); United States v. Valladares, No. 17CR3715-JAH, 2020 WL 2062252, at *2 (S.D. Cal. Apr. 29, 2020) (Houston, J.) ("This Court also joins other sister courts in the Ninth Circuit and elsewhere in concluding that this Court has no authority to consider Defendant's motion until the exhaustion criteria of § 3852(c)(1)(A) is met."). The burden rests with the Defendant to provide proof that he has met the exhaustion criteria set for the in § 3852(c)(1)(A) and to establish that compelling and extraordinary reasons exists to warrant his release. United States v. Holden, No. 3:13-CR-00444-BR, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020) (Brown, J.) ("A defendant seeking a reduction in his terms of imprisonment bears the burden to establish both that he has satisfied the procedural prerequisites for judicial review and that compelling and extraordinary reasons exist to justify compassionate release.").

In this matter, the Defendant attached to his motion a memorandum from the warden of the Bureau of Prisons ("BOP") dated May 18, 2020, indicating that his request for compassionate release was denied. (Doc. No. 75 at 10.) Accordingly, given that 30 days has elapsed from the date of the memorandum, the Court is satisfied that it has jurisdiction to consider the Defendant's motion for compassionate release under § 3852(c)(1)(A).

Under § 3582(c)(1)(A)(i) a court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." In determining what constitutes "extraordinary and compelling reasons," the Court turns to U.S.S.G. § 1B1.13 for guidance. Barber v. Ives, No. 3:17-CV-01975-BR, 2018 WL 1002612, at *3 (D. Or. Feb. 20, 2018) (Brown, J.) ("Congress directed the United States Sentencing Commission to adopt a policy statement to guide a district court's discretion in determining when 'extraordinary and compelling reasons' exist to grant a reduction

in sentence once such a motion is filed.") (citing Title 28 U.S.C. § 994(t)[2]). U.S.S.G. § 1B1.13 cmt. n.1(A) and (B) (Nov. 1, 2018) provides:

> 1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
> (A) Medical Condition of the Defendant.--
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is--
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances.--
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and

---

[2] Title 28 U.S.C. § 994(t) provides:
The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[3]

The Defendant has not provided any medical records indicating that he is suffering from a terminal illness nor has he provided any medical records indicating that he is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health due to his age that would substantially diminish his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover as provided in U.S.S.G. § 1B1.13 cmt. n.1(A). Moreover, the Defendant does not qualify for a reduction of his sentence under U.S.S.G. § 1B1.13 cmt. n.1(B) because he is not at least 65 years of age, has not provided any medical records indicating that he is experiencing a serious deterioration in physical or mental health because of the aging process, and has not served at least 10 years or 75 percent of his term of imprisonment. Furthermore, the Defendant does not claim any family circumstances that would constitute extraordinary and compelling reasons to reduce his incarceration term under U.S.S.G. § 1B1.13 cmt. n.1(C). Accordingly, the Court concludes that under these specific provisions of U.S.S.G. § 1B1.13 cmt. n.1, the Defendant is not eligible for a reduction of his imprisonment term under § 3582(c)(1)(A)(i).

The Defendant argues that the COVID-19 pandemic is an extraordinary and compelling reason to reduce his sentence. Although the impact of the current pandemic on the detention facilities is of course concerning to the Court, "the mere existence of

---

[3] As the Government notes, the policy statement refers only to motions filed by the Director of the BOP. That is because the policy statement was last amended on November 1, 2018 and the First Step Act of 2018, which permits a defendant to file a motion for compassionate release with the district court, was enacted on December 21, 2018. The Court agrees with the Government that the policy statement applies when a district court considers a motion for compassionate release under § 3582(c)(1)(A). See United States v. Brown, No. 4:05-CR-00227-1, 2020 WL 2091802, at *7 (S.D. Iowa Apr. 29, 2020) (Pratt, J.) ("[I]f the First Step Act is to increase the use of compassionate release, the most natural reading of § 3582(c) is that the district court assumes the same discretion as the BOP Director when it considers a compassionate release motion properly before it.").

COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); See also United States v. Eberhart, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (Hamilton, C.J.). ("[A] reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A)."). Rather, the existence of the COVID-19 pandemic is one among numerous factors the Court is to consider in determining what constitutes extraordinary and compelling reasons.

In this case, the Defendant specifically argues that he is at greater risk of developing severe symptoms of COVID-19. The Defendant claims that he has "sleep apnea which he still has never received his prescribed C-PAP machine to assist his breathing." (Doc. No. 75 at 4.) The Government submitted to the Court, under seal, the Defendant's medical records from the BOP. (Doc. No. 82.) Those medical records reveal that on June 22, 2020, the same date the Defendant executed and signed his motion for compassionate release (See Doc. No. 75 at 8), the Defendant complained that he suffers from sleep apnea and that he has a C-PAP machine at home. (Doc. No. 82 at 1.) In response, the medical examiner ordered a sleep study. (Id.) The Court notes the Defendant reported during his presentence report interview that he is in good physical condition and not taking any medications. (Doc. No. 41 at 11.) Moreover, as the Government outlines in its response, the Defendant is 33 years old and does not suffer from any condition or disease that would make him more vulnerable to becoming serious ill should he contract COVID-19. (Doc. N. 80 at 11.)

Given the record before the Court, the Defendant has not shown that he is at high risk of developing severe symptoms of COVID-19. Assuming the Defendant suffers from sleep apnea, other courts have denied motions for compassionate release because sleep apnea is not on the Centers for Disease Control and Prevention's ("CDC") list of

risk factors in developing severe symptoms of COVID-19. See United States v. Kealoha, No. CR 04-00265 DKW, 2020 WL 3735773, at *7 (D. Haw. July 6, 2020) (Watson, J.) ("[Defendant's] age and his other health conditions (*i.e.*, sleep apnea, hypertension, and 'borderline diabetes'), do not put him at an 'increased risk of severe illness from COVID-19' because these conditions are not included in the above list provided by the CDC."); United States v. Burkholder, No. 212CR00240GMNCWH, 2020 WL 3643434, at *2 (D. Nev. July 3, 2020) (Navarro, J.) ("Defendant's other conditions of Basil Cell Carcinoma, Osteoarthritis, and Sleep Apnea are not mentioned in the CDC's materials on COVID-19 [as potentially creating a risk of severe symptoms.]"). Accordingly, the Court cannot find extraordinary and compelling reasons under U.S.S.G. § 1B1.13 cmt. n.1(D) to justify reducing the Defendant's incarceration term and concludes that the Defendant is not eligible for a reduction of his imprisonment term under § 3582(c)(1)(A)(i).

The Defendant also raises an Eighth Amendment challenge to his continued incarceration at FCI Lompoc. The "Eighth Amendment requires [jails and prisons] to take adequate steps to curb the spread of disease within the prison system." Coleman v. Newsom, No. 01-CV-01351-JST, 2020 WL 1675775, at *5 (E.D. Cal. Apr. 4, 2020). Inmates alleging Eighth Amendment violations based on unsafe prison conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). As the Government notes in its response, the BOP has already implemented measures to limit the spread of COVID-19 within its facilities (Doc. No. 80) and there is no evidence in the record to suggest that the BOP is acting with deliberate indifference to the Defendant's health or safety. Moreover, the Defendant's medical records indicate that the BOP is responding to his claim that he suffers from sleep apnea by ordering a sleep study. (Doc. No. 82 at 1.) Nevertheless, an Eighth Amendment claim "relating to the manner and conditions of confinement—are not properly brought in a motion for compassionate release [under § 3582(c)(1)(A)] and this Court does not have jurisdiction

to consider them." United States v. Numann, No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020) (Burgess, J.). Accordingly, the Court declines to reduce the Defendant's sentence or order his release on Eighth Amendment grounds based on the procedural posture of the Defendant's request for relief.

Although the Court concludes that there are no extraordinary and compelling reasons to grant the Defendant's motion for compassionate release, the Court is required under § 3582(c)(1)(A) to consider the § 3553(a) factors in deciding whether to grant the Defendant's motion. See Burkholder, 2020 WL 3643434, at *3. These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

The Defendant was convicted of importing methamphetamine and heroin, both Class A felonies, weighing against early release. Moreover, the Defendant's prior criminal history includes burglary, possession of a controlled substance, reckless driving, and driving under the influence convictions, as well as an arrest for battery on a person. (Doc. No. 41.) Prior to his sentencing hearing, the Defendant violated the terms on his pretrial release by using cocaine and committing a new crime (Doc. Nos. 54 and 55), the latter resulting in charges being filed in the Superior Court of California, County of Los Angeles (Doc. No. 80 at 3). Nevertheless, at the time of the sentencing hearing, the Court varied significantly below the guideline range after considering all

mitigating factors presented by the defense. The Defendant's assertion that his family responsibilities and post-sentencing rehabilitation warrants his early release does not overcome the factors weighing against reducing his imprisonment term. Accordingly, after considering the § 3553(a) factors, the Court concludes that granting the Defendant's motion for compassionate release is not warranted under the facts and circumstance of this case.

Although the Defendant does not qualify for a reduction of his imprisonment term under § 3582(c)(1)(A), the Court may also "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure" under § 3582(c)(1)(B). The Defendant's motion also includes a request to convert his sentence from incarceration in a BOP facility to home detention. However, the Supreme Court has made it clear that "[w]hen a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' [18 U.S.C.] § 3621(b)." Tapia v. United States, 564 U.S. 319, 331 (2011). Although "the First Step Act expressly permits the Attorney General to release some or all eligible elderly offenders and eligible terminally-ill offenders from the BOP facilities to home detention" under Title 34 U.S.C. 60541, Title 18, U.S.C. § 3582(c)(1)(B) only "permits courts to modify an imposed term of imprisonment, not the method of incarceration." Curry, 2019 WL 508067, at *2. Accordingly, Title 34 U.S.C. § 60541 only authorizes the Attorney General, not the courts, to modify the method of imprisonment from a BOP facility to home confinement. Title 18 U.S.C. § 3582(c)(1)(B) does not permit the Court to make such modification that has been exclusively delegated to the Attorney General's discretion by statute. Accordingly, the Court declines the Defendant's request for such action under § 3582(c)(1)(B).

## Conclusion

After considering the Defendant's motion and applying the relevant law and legal standards, including consideration of the § 3553(a) factors in this matter, and based on

the current record, the Court DENIES the Defendant's motion compassionate release under Title 18 U.S.C. § 3582(c)(1)(A) and DENIES his request to convert his incarceration in a BOP facility to home confinement under Title 18 U.S.C. § 3582(c)(1)(B) and Title 34 U.S.C. § 60541. (Doc. No. 75.)

The Clerk is directed to send a copy of this order to the Defendant.

IT IS SO ORDERED.

DATED: August 14, 2020

_____
HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE